IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA RUSSELL COUNTY DEPARTMENT OF HUMAN RESOURCES, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 3:14-CV-1194-WKW [WO] |
| DAMMUON EPPS, *et al*. | ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendants Dammuon Epps and Tanya Griffin (collectively "Defendants"), who are proceeding *pro se*, filed six Notices of Removal in this court on December 2, 2014. This is one of those six cases. (*See* Doc. # 1.) Each of the six cases originated in the Juvenile Court of Russell County, Alabama. For the reasons that follow, this case is due to be remanded to state court.

**I. BACKGROUND**

In October 2014, Russell County Department of Human Resources ("DHR") initiated proceedings in the Juvenile Court of Russell County, Alabama, petitioning that court for temporary custody, care, and control of Defendants' six children, D.A.V.G., K.A.S.G., D.V.G., K.G.L.E., K.A.A.G., and L.D.T.E. The individual Russell County case numbers concerning the six children are respectively JU-14-

234, JU-14-236, JU-14-232, JU-14-233, JU-14-235, and JU-14-262. On November 7, 2014, after two days of hearings for which Defendants had notice and in which Defendants participated,[1] Juvenile Court Judge Buster Landreau entered orders transferring custody of the children to DHR, *pendente lite*.

From the documents submitted in support of their notices of removal, the court discerns that a probate judge temporarily committed Ms. Griffin to East Alabama Mental Health, Ms. Griffin's home has been visited by DHR or a truancy officer concerning the children's non-enrollment in school or non-compliance with state requirements for homeschooling, and that DHR has found some or all of the children to be unkempt, in need of dental or other medical care, and wearing ill-fitting or inadequate clothing.

Defendants have opposed DHR's efforts to investigate their circumstances or to remove any of the six children from their custody. Throughout their submissions to this court (*see* Docs. # 1, 2), Defendants contend that DHR and its officers have violated the U.S. Constitution's Fifth Amendment Due Process and Takings Clauses,[2] the Fourth Amendment's prohibition against unlawful searches and seizures, the Fourteenth Amendment's substantive due process protections of parental rights to raise and educate children, the First Amendment's protections of

---

[1] It appears that Ms. Griffin participated in the hearing on November 6, 2014, and that Mr. Epps participated in the hearing on November 7, 2014.

[2] Defendants repeatedly assert a property interest in their children.

2

free exercise of religion[3] and familial association, and the Thirteenth Amendment's prohibition against involuntary servitude.  Defendants similarly challenge the constitutionality of certain provisions in the Alabama Code and also appear to assert common-law claims for trespass, invasion of privacy, conspiracy, or other torts.  With respect to these claims against DHR and its officers, Defendants clearly cast themselves as the plaintiffs and seek a default judgment, declaratory judgment, permanent injunction, and temporary restraining order.

In their notices of removal, Defendants assert that they were served with notice of the state court proceedings on November 5, 2014, making their removal on December 2, 2014 timely under the removal statute.  They invoke the court's jurisdiction pursuant to Article III, Section 2 of the U.S. Constitution, which confers upon federal courts the power to hear certain cases and controversies.  Liberally construing the notice of removal, the court concludes that Defendants are asserting that this court has federal question jurisdiction over their federal constitutional claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over their state-law constitutional and tort claims, *see* 28 U.S.C. § 1367.

## II. DISCUSSION

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[3] Ms. Griffin claims to adhere to the sacred Religious Doctrine of Heru, from which she seeks guidance in the education of her children.

removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Defendants seeking to remove suits to federal court bear the burden of showing facts supporting a federal court's jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

Federal courts have limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks omitted).  "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire," even on its own initiative, "into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."  *Id.* at 410.  Even without a pending motion to remand, this court must remand a removed case *sua sponte* if it appears that subject-matter jurisdiction is lacking.  *Taylor v. Phillips*, 442 F. App'x 441, 443 n.3 (11th Cir. 2011).

The court has construed the instant notice of removal as alleging that this court has federal question subject-matter jurisdiction.  Pursuant to 28 U.S.C. § 1331, a district court has federal question subject-matter jurisdiction over "all

civil actions arising under the Constitution, laws, or treaties of the United States." "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the [original] plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (internal quotation marks omitted). Therefore, removal is typically proper only when the underlying state court complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* Here, the underlying state court proceedings originated with DHR's petition for child custody under Alabama law. Alabama law, not federal law, supports DHR's petition, and DHR's right to pursue custody does not depend upon the resolution of a substantial question of federal law.

By alleging constitutional claims as the removing defendants against the state court petitioners and others, Defendants are in essence raising, or attempting to raise, federal counterclaims. However, "[t]here can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." *Bank of New York v. Angley*, 559 F. App'x 956, 957 (11th Cir. 2014); *see also Stone v. Williams*, 792 F. Supp. 749, 754 (M.D. Ala. 1992) (Thompson, J.) (confining jurisdictional scrutiny to the

5

allegations of the original plaintiff's complaint, not those set forth in the removing defendant's counterclaim). Hence, Defendants fail to carry their burden of proving a basis for this court's exercise of jurisdiction over either the original custody petitions or what Defendants are presenting as federal-law counterclaims.[4]

Once a court determines that subject-matter jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Univ. of S. Ala.*, 168 F.3d at 410 (internal quotation marks omitted). Because this court lacks authority to rule on Defendants' pending motion for leave to proceed *in forma pauperis* (Doc. # 3) or the motion for a temporary restraining order (Doc. # 1), it cannot do so.

### III. CONCLUSION

Accordingly, it is ORDERED that this case is REMANDED to the Juvenile Court of Russell County, Alabama. The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE this 4th day of December, 2014.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Further, there is nothing in Defendants' notices of removal suggesting that this court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, but even if there was some allegation to support diversity subject-matter jurisdiction, the court would still lack jurisdiction over the matters raised in each of the six custody petitions. "The domestic relations exception to diversity of citizenship jurisdiction is a well-accepted doctrine which allows the federal courts to abstain from deciding" family law disputes, including, among other things, "child custody actions." *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987).